# Sayre *v.* Pollard.

### Certiorari to County Board of Revenue.

1. *Variance between approved (or enrolled) and original bill.*—In the act providing for the assessment and collection of taxes, and defining the duties of the officers engaged in the assessment and collection, approved February 23d, 1883, the 57th section, as approved by the governor, required the tax-collector to give notice of his appointments in each precinct, by publication in a newspaper, "*or* by bills posted at five or more public places," while said section of the bill passed by the General Assembly, as shown by the journals of the two houses, required notice by

[Sayre v. Pollard.]

publication "*and* by bills posted," &c.; and this variance destroys the validity of the entire enactment. (STONE, J., doubting.)

2. *General Assembly; length of session under constitutional provisions.* The constitutional provision, limiting the sessions of the General Assembly to fifty days (Art. IV, § 5) has been construed by successive legislatures to mean fifty working days, excluding Sundays and other days on which, by concurrent resolution, the two houses do not sit; and the court adopts this construction.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

In the matter of the assessment of escaped taxes on money loaned, &c., made by C. T. Pollard, as tax-collector of said county, against Calvin L. Sayre. Sayre denied the authority of the tax-collector to make the assessment, and took an appeal to the Board of Revenue; and that body having sustained the regularity and legality of the assessment, he removed the proceedings, by *certiorari*, into the City Court. The City Court sustained and affirmed the decision of the Board of Revenue, and its judgment was here assigned as error. The case was decided in April, 1883.

H. C. TOMPKINS, for appellant.

W. S. THORINGTON, GEO. F. MOORE, SMITH & MACDONALD, and GEO. M. MARKS, *contra*.

STONE, J.—The foregoing opinion was delivered April 12th, 1883, after oral argument was heard on the question then presented. The only question discussed and considered on that hearing, was the proper construction of the second *proviso* to section 143 of the act "to provide for the assessment and collection of taxes," &c.—Pamph. Acts 1882–3, p. 83. The construction then given to that *proviso* led to a reversal of the ruling of the City Court, which was then announced. On that hearing, no question was raised as to the correct enrollment of the bill, as it passed the two houses of the General Assembly. From aught we then knew, or had heard, the enrolled bill, as it received the approval of the Governor, was a correct copy of the bill as it received the sanction of the two houses of the legislature.

A rehearing has been granted, and it is now shown that an error was committed in the enrollment, by which section 57 of the bill, as approved by the Governor, is substantially different from the same section, as agreed on and enacted by the two houses of the legislature. This, under the ruling of a majority of the court in *Moog v. Randolph*, at the present term, is fatal to the whole bill; and, as a consequence, the bill, generally known as the "Machinery Law," never became a law. And

39

while I am not able to concur in the conclusion that this error should defeat the whole act, considering it in the light of other constitutional rulings on what I consider a kindred question, there is much plausibility in their reasoning. If the question were *res nova*, I can not say I would not agree with them.

The other question urged in this cause—namely, that the session had expired before this statute was enacted—was decided adversely to the appellee in the case of *Moog v. Randolph*, at the present term.

The judgment of the City Court is affirmed.