TERRITORY v. ALASKA PACIFIC FISHERIES.

SAME v. HOONAH PACKING CO.

(First Division.   Juneau.   November 30, 1915.)

Nos. 1325–A, 1326–A.

1. TERRITORIES ⬅⬆19—LEGISLATURE—LENGTH OF SESSION.

The Organic Act of Alaska provides the Legislature shall not continue in session longer than 60 days in any 2 years.   The Legislature met at noon on March 1st, and continued in session until it adjourned "between 3 and 4 o'clock a. m. (sun time) on April 30th."   *Held*, it did not continue in session longer than 60 days; for the full period of 60 days did not expire until noon of the sixtieth day—that is, noon of April 30th.

⬅⬆See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. STATUTES ⬅️➡️55—VALIDITY OF TERRITORIAL ACT—FISH—TAXA-
TION.
>   The act of the Legislature of Alaska imposing a tax of $100
>   per annum for each fish trap operated during the year, and an
>   additional license fee per case on any person engaged in can-
>   ning fish, is within the power conferred by Congress in the Or-
>   ganic Act creating the Legislature, and is a valid exercise of leg-
>   islative power.

J. H. Cobb, of Juneau, for plaintiff.

Hellenthal & Hellenthal and Z. R. Cheney, all of Juneau, for defendants.

JENNINGS, District Judge. In its opinion rendered on the occasion of overruling the demurrer to the complaint in this cause, the court decided in favor of plaintiff all the questions now presented (at the trial hereof) except—

(1) The question as to whether or not the term of the Legislature had expired when chapter 76, Laws of the Alaska Legislature of 1915, was passed;

(2) The question as to whether or not the catching of fish to be canned and then sold is "engaging in the fishing business."

And those two questions will now be considered.

1. The Organic Act (section 413, Compiled Laws of Alaska 1913) provides:

> "That the Legislature of Alaska shall convene at the capitol at the city of Juneau, Alaska, on the first Monday in March in the year nineteen hundred and thirteen, and on the first Monday in March every two years thereafter; but the said Legislature shall not contin-ue in session longer than sixty days in any two years unless again convened in extraordinary session by a proclamation of the Governor."

By the stipulation of facts it appears that the Legislature convened on the 1st day of March, 1915, at 12 o'clock noon. By the Organic Act it is not to continue in session longer than 60 days in any 2 years. By the stipulation it also appears that the act in question—

> "was finally passed by both houses of the Legislature and approved by the Governor, and was enrolled and filed in the office of the secre-tary of state for the territory as it now appears in the printed vol-ume of the Session Laws of Alaska for 1915, chapter 76."

⬅️➡️See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Conceding, for the sake of the argument only that that clause of the stipulation does not settle the matter and preclude any further inquiry, this question arises: At what time did the 60 days mentioned in the Organic Act expire?

There seems to be a conflict of authorities as to whether or not Sundays and holidays are to be included in counting the 60 days. The cases of Cheyney v. Smith, 3 Ariz. 143, 23 Pac. 680, of Moog v. Randolph, 77 Ala. 608, and some others, hold to the negative. In the dissenting opinion in the Arizona case some authorities holding to the affirmative are collected; and in an opinion dated March 16, 1889, given by Attorney General Miller to the Secretary of the Interior, that official distinctly held that Sundays and holidays are to be counted as days of the session (volume 19, p. 259, Opinions of Attorneys General); but, however this may be, the Alaska Legislature of 1915 convened at noon on the 1st day of March, 1915, and adjourned sine die "between 3 and 4 o'clock a. m., (sun time) on April 30, 1915 (see stipulation), so that, even counting Sundays and holidays, it did not continue in session longer than 60 days, for the full period of 60 days did not expire until noon of the sixtieth day—that is, noon of April 30, 1915. White v. Hinton, 3 Wyo. 753, 30 Pac. 953, 17 L. R. A. 66.

2. As to the second question: Defendant contends that the catching of the fish is a mere adjunct of the canning business, without which the latter cannot or does not exist; that it is not engaged in the business of fishing, but in the business of canning, and that by act of Congress approved June 26, 1906 (34 Stats. at Large, 478, c. 3547 [U. S. Comp. St. 1916, § 3628]), it was provided that the tax therein prescribed for carrying on the business of canning shall be "in lieu of all other license fees and taxes therefor and thereon." The argument, if carried out logically, would result in the proposition that Congress itself, having said that the tax provided in the act shall be in lieu of all other license fees and taxes, could not by a later law impose for the future a license larger in amount than that which was imposed by the former act, or taxing the different branches or instrumentalities of the canning business. Such a proposition is untenable, for the power of Congress is plenary in the matter. What Congress could do in this matter, the territorial Leg-

islature can do; for the power of the latter extends to "all rightful subjects of legislation" not forbidden by the Organic Act (Organic Act, § 416), and, "except as herein provided, all laws now in force in Alaska shall continue in full force and effect until altered, amended or repealed by Congress or by the Legislature" (Organic Act, C. L. § 410); and "provided further, that this provision shall not operate to prevent the Legislature from imposing other and additional taxes or licenses." As Congress, then, could provide that all persons catching fish for canning shall pay a certain license tax, and all persons canning the caught fish shall pay an additional license tax, so the Legislature, also, may provide the same thing. Now, that is just what the Legislature has done by the act in question. It has provided that all persons in the business or line of business of catching fish by means of fish traps (whether or not they catch the fish for canning purposes) shall pay $100, and all persons canning the caught fish (whether the fish are caught in traps or nets or seines) shall pay 4 cents per case, etc.—in other words, a license tax for catching and a license tax for canning.

Findings and judgment for plaintiff as per stipulation.