# City of Bessemer *v.* Tennessee Coal, Iron & Railroad Co.

### Action for Money Had and Received.

1. *Municipal corporation; taxation; validity of assessment.* Under the authority of the city charter which provides that the clerk of said city shall on July 1st of each year, or as soon thereafter as possible, assess the property of said city for taxes, and that the assessments shall be made from the State and county assessment books for the State taxes for the preceding year, as respects the value of the property, the clerk of said city can not add to or make an increase in the assessment of the property of a corporation located within

[City of Bessemer v. Tennessee Coal, Iron & Railroad Co.]

the city limits which correspond proportionately to an increased valuation made the previous year by the board of county commissioners *in solido* of all the property owned in the county, without specific reference to the value of his property within or without said State and inside the county as returned by the county assessor, pursuant to the statute (Code, § 3939); the proportionate amount of the increased valuation in the assessment made by the city clerk being in the ratio the value of the property owned by said corporation in said city bore to the total value of all said company's ·property in the county; and such assessment is valid and binding. (TYSON, J., *dissenting*.)

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This action was brought by the Tennessee Coal, Iron & Railroad Company against the city of Bessemer, to recover an amount which the plaintiff company had paid to the defendant for taxes, and which the plaintiff claims was wrongfully collected. The plaintiff claimed for money had and received. The defendant pleaded the general issue. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered a judgment for the plaintiff for the amount sued for. The defendant appeals from this judgment, and assigns the rendition thereof as error.

B. C. JONES and ESTES & SMITH, for appellant, cited Constitution, Art. XI, § 7; Dillon on Municipal Corporations (4th ed.), §§ 939-940; *Winter v. Montgomery*, 65 Ala. 403.

WALKER PERCY and W. I. GRUBB, *contra*, cited *Sullivan v. State*, 110 Ala. 95; *Birmingham B. & L. Asso. v. State*, 120 Ala. 411; *Presbyterian Church v. Fort Wayne*, 10 Am. Rep. 35.

TYSON. J.—But a single question is presented for consideration by the record in this case. It involves the right of the clerk of the city of Bessemer to assess

for taxes, at an increased valuation, certain property owned by the plaintiff situate in that city, where the increased valuation was made by the board of county commissioners of Jefferson county *in solido* of all the property owned by the plaintiff in that county. It appears that the tax assessor of the county assessed the entire property belonging to the plaintiff, specifying each item thereof and the value of each, in accordance with the provisions of the Code regulating assessments, aggregating in value, the sum of $2,200,309.34. Of this total valuation, the value of the personal and real property in the city of Bessemer amounted to $245,470, the remainder being in the county. The order of the county commissioners raising the assessment was in these words: "It is ordered and adjudged that the property of the Tennessee Coal, Iron & Railroad Company, of every kind, real, personal and mixed, in Jefferson County, Alabama, as assessed for taxation the current year as the same is described in said assessment, taken as a whole, and including its rights, privileges, franchises and good will, salable, convertible and consumable assets, money hoarded, stock and bonds of other companies, monied capital and solvent credits be raised the sum of $1,000,000." The present assessment being $2,200,309.34, making a total assessment of $3,200,309.34. It is apparent this order simply increased the assessment $1,000,000. The Code of the city of Bessemer contained this provision: "Assessments.—How Made.— The Clerk of the city shall on or before the first day of July in each year or as soon thereafter as possible make the assessment of real and personal property in the City of Bessemer for the taxes of the current year, which said assessment shall by him be entered in the proper book. The assessment shall be made by the Clerk of the City from the State and County assessment book for the State taxes the preceding year, as respects the value of the property, but as to ownership the assessment shall be made against the person, if known, who owns the property on the first day of January of the current year." The clerk in making the assessment of the property subject to taxation by the city of Bessemer, ascertained the value of said prop-

erty by adding to the aggregate value of the separate items of personal property as assessed by the tax assessor, an amount equal to the proportionate amount of the total increased valuation of all the property of the plaintiff in Jefferson county as fixed by the board of county commissioners; the proportionate amount of the increased valuation being in the ratio that the value of the personal property of plaintiff in the city of Bessemer bore to the total value of all the plaintiff's property in Jefferson county, and by adding to the aggregate value of the real estate in the city as assessed by the tax assessor, the proportionate part of the amount of increased valuation on all of plaintiff's property as fixed by the board of county commissioners, observing the same rule as to ratio as was done in making the assessment of the personal property.

A majority of the court hold that the clerk's act was within the authority conferred by the charter of the city of Bessemer and, therefore, valid. In this conclusion the writer cannot concur. The constitution (Art. XI, § 7) requires the valuation of property for municipal taxation to be based on "the value of such property as assessed for State taxation during the preceding year." The provision of the Code of the city of Bessemer quoted above seems to have been framed with reference to and in accordance with this section of the constitution. But whether this be true or not, the limitation in the constitution must control.—*Elyton Land Co. v. Mayor and Aldermen of Birmingham,* 89 Ala. 477. Under this limitation, the city has no authority to value property in its limits for taxation for the year 1899 on any other basis than the valuation for State taxation for the year 1898. Primarily this valuation was the valuation placed on the property by the tax assessor of the county for the year 1898. The plaintiff had returned its property and the assessor had assessed it, as we have shown, by specific items and this list showed what specific items were located in the city and what items were outside of the city and inside of the county, with the separate value of each as required by section 3939 of the Code. This gave the clerk full data to assess the property in the city limits for the year 1899, at the valuation as

assessed for State taxation for the year 1898. The order of the county commissioners, as we have said, simply added to the aggregate value as assessed by the tax assessor on the entire property of the plaintiff in the county, "taken as a whole," one million dollars. I concede the right of the clerk, if the order of the commissioners' court had shown how much additional value was placed by them on the property in the city limits, to resort to this increased value for State taxation as a basis for city taxation for the succeeding year. But in order to justify the clerk in using this increased value, it must appear that it was ascertainable from the order of the commissioners' court how much the property in the city limits was raised, if at all. The clerk has no independent assessing power. He is limited by the constitution to the valuation fixed by the State and county authorities for State taxation for the preceding year, on the property in the city limits. Unless it be made to appear that the valuation adopted by him, on the property in the city, was that fixed by the State and county assessing authorities, his assessment is violative of the constitution and, of course, cannot stand. The order of the commissioners' court furnishes no facts upon which to predicate a distribution of the increase. There is no adjudication that plaintiff's property in the city was undervalued at all. It does not find or adjudge that each item of plaintiff's property in the county, as listed and valued by the tax assessor, was equally undervalued and hence furnishes no basis by which the clerk can distribute *pro rata* the increase. It is entirely consistent with the language of the order that the increase was wholly on property situated outside of the corporate limits of the city of Bessemer and not subject to taxation by that city. The deduction that it was the intention of the commissioners' court to increase the value of each item of property belonging to the plaintiff whether situate in the city or county or in both *pro rata* is a mere argument. It is clearly not expressed with any degree of certainty in the order. As tax laws are to be strictly construed and all their provisions must be strictly complied with, before a citizen can be deprived of his property, by no rule of

law can a construction be placed upon a judgment rendered by a statutory tribunal which has that effect, unless its language clearly excludes any other construction. Judgments should be "certain to every intent." And, as here, where the city relies upon a judgment of a statutory court, as its authorization for taking from one of its citizens its property, the burden is upon it to show a clear right to do so, and, of necessity, a judgment *certainly* showing the value of the plaintiff's property in the city of Bessemer as assessed for State taxation during the preceding year; the only basis upon which it is authorized to predicate any assessment.

The cause having been tried by the judge without the intervention of a jury, the judgment is reversed and a judgment will be here rendered for the defendant.

Reversed and rendered.