# State *ex rel.* McKinley, *et al. v.* Martin.

## *Quo Warranto.*

(Decided Feb. 11, 1909. 48 South. 846.)

1. *Statutes; Enactment.*—Unless the attention of the Supreme Court is called to the particular error in the enactment of a statute, the court will not go behind the statute to the legislative records to ascertain whether such statute has a legal existence.

2. *Same; Adoption.*—Where the senate journal showed that on the final passage of the bill there were fourteen yeas and fourteen nays, and that the lieutenant governor cast the deciding vote, in favor of the passage of the bill, and shows the names of those voting yea, but does not show the names of those voting nay, it fails to show the legal passage of the bill, and is violative of section 63, Constitution 1901.

3. *States; Legislative Department; Official Journal.*—The journal filed in the office of the secretary of state in accordance with law, is the official journal of each house of the legislature, and where there is any discrepancy between it and the printed journal, the journal so filed controls.

4. *Statutes; Adoption; Construction.*—Where the journal shows that the governor returned the bill, under the provisions of section 125, Constitution 1901, suggesting certain amendments, and that the amendments were passed, and showing a proper entry of the yea and nay vote, such entry does not cure a defect in the passage of the original bill.

[State, ex rel. McKinley, et al. v. Martin.]

5. *Evidence; Legislative Journal; Parol Evidence to Vary.*—The journals of the two houses of the legislature are the sole records of legislative proceedings, and they may not be contradicted or amplified, by the testimony or memoranda of the clerical officers of the houses.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Quo warranto by the state on the relation of G. W. McKinley and others, against H. L. Martin, to test respondent's right to the office of alderman in the city of Birmingham. From an order denying the writ relators appeal. Affirmed.

J. S. KENNEDY, for appellant.—The act in question does not violate section 45 of the Constitution.—*State, ex rel. v. McCary,* 30 South. 641; *Ex parte Thomas,* 113 Ala. 1; *Sisk v. Cargile,* 138 Ala. 164; *Key v. Jones,* 40 Ala. 246; *Ex parte Pollard,* 40 Ala. 77; *State, ex rel. v. Tunstall,* 40 South. 135. If notice was required, it was sufficiently given.—*State, ex rel. v. Tunstall, supra; Ensley v. Cohn,* 149 Ala. 306; *Wallace v. Bd. of Rev.,* 140 Ala. 498. No contract was abrogated or impaired since the new municipality must assume the debts and obligations of the old.—24 Ala. 705; 77 Ala. 124; 207 U. S. 151.

F. E. BLACKBURN, for appellee.—The court will not hear evidence de hors a journal of the house to sustain or defeat a statute.—*State, ex rel. Frederick v. Brodie,* 148 Ala. 381. Hence, the court did not err, in sustaining objections to evidence offered.—*Montgomery B. B. Works v. Gaston,* 126 Ala. 425; *State v. Wilson,* 123 Ala. 259. Counsel discusses the constitutional features of the bill and insist that it is unconstitutional in many particulars, but cites no authority in support thereof.

[State, ex rel. McKinley, et al. v. Martin.]

SIMPSON, J.—This appeal is from the order of the circuit judge denying a writ of quo warranto to the respondent to test his right to the office of alderman in the city of Birmingham, etc. The substance of the petition is that the "act to alter or rearrange the boundary lines of the city of Birmingham," approved August 8, 1907, (Loc. Acts 1907, p. 902), known as the "Greater Birmingham Act," having become a law, and an election thereunder held on January 6, 1908, the subsequent election for attaching the city of Avondale to said city of Birmingham, held June 6, 1908, being within the six months fixed by statute, within which no other election could be held, is void, and that therefore the election of the respondent, as a result of said election, is void.

When this question was recently before this court, in the case of *State ex rel. Sigsbee, et al. v. City of Birmingham, et al.,* Infra 48 South. 843, the only question raised by the pleading and insisted on by counsel was as to whether section 3 of said "Greater Birmingham Act" was violative of paragraph 29 of section 104 of the Constitution of 1901. It is now insisted that said "Greater Birmingham Act" is void, because the journals of the Legislature show that the requirements of the Constitution were not complied with in the pasage of the bill through the Senate. The question now before the court was not involved in that decision. The case of *M. & A. of Wetumpka v. Wetumpka W Co.,* 63 Ala. 611, does not touch this question, but decides merely that this court will take judicial notice of the charter of a municipal corporation.

This court has frequently decided, both before and since the adoption of our present Constitution, that when the question is properly presented the court will "go behind the statute of the legislative records, to as-

certain whether it has a legal existence." (*Jones v. Hutchinson,* 43 Ala. 721; *Moody v. State,* 48 Ala. 115, 17 Ab. Rep. 28; *Moog v. Randolph,* 77 Ala. 597; *Sayre v. Pollard,* 77 Ala. 608; *Walker v. City Council of Montgomery,* 139 Ala. 468, 36 South. 23) ; but the court has never undertaken to go into an examination of the journals, when no suggestion is made of a defect therein. On the contrary, in a case which was not reported, this court refused to examine the journals on the mere general suggestion that error was apparent therein, without calling the attention of the court to the particular error. This rule is manifestly correct; for, in the numerous constitutional questions which come before this court, it would entail an enormous, and in most cases a fruitless, labor on the court to make an exhaustive investigation through the journals of both the Senate and the House. It is but reasonable, then, to presume that, if the diligenec of counsel has not discovered any error in the journals, there is no failure to comply with the law therein shown, and that the act is constitutional on that point.

Our attention being now called to it, we find, from an examination of the Senate Journal of 1907, that House Bill No. 929, "to alter or rearrange the boundary lines of the city of Birmingham," was not passed in accordance with the requirements of the Constitution. Section 63 of the Constitution is imperative to the effect that, on final passage of a bill, the vote must be "taken, by yeas and nays, the names of the members voting for and against the same be entered upon the journals, and a majority of each house be recorded thereon as voting in its favor." The only official journal is that which is filed in the office of the Secretary of State, in accordance with law. While, for the convenience and information of the public, a printed journal is published, yet, where there is a discrepancy, the record in the office of the Sec-

[State, ex rel. McKinley, et al. v. Martin.]

retary of State must govern. Referring to this original record, we find that while, on the final passage of this bill, it is stated that there were 14 yeas and 14 nays, and that the Lieutenant-Governor gave the casting vote in favor of the bill, and, while the names of those voting for the bill are set out, the names of those voting against it do not appear, and those voting for it do not constitute a quorum of the Senate.

It is insisted, however, that, inasmuch as the journal shows that the Governor returned the bill, suggesting an amendment, and that amendment was passed, and the fact, together with the yeas and nays, properly entered on the journal, this, being really the final passage of the bill, shows a sufficient compliance with section 63 of the Constitution. Section 125 of the Constitution provides for such return by the Governor, with the proposed amendment, and then provides that the vote shall be taken on such amendment only, not on the entire bill as amended, and if both houses concur in the amendment the bill shall again be sent to the Governor and acted on by him as other bills. From the reading of said section it will be seen that no vote is taken on the bill as amended, but only on the amendment, and the journal shows that this was the only action taken. Consequently this vote cannot cure the defect, apparent on the journal, in the passage of the bill.

The relator offered to prove by the witness Kyle that the latter was Secretary of the Senate of 1907, and kept the journals, and that the printed copy is correct, and sought also to introduce, in connection with his testimony, certified copies of the original bill, with endorsements, showing that the law had been complied with, which was excluded by the court; and said action of the court is here assigned as error. The Constitution requires the requisite facts to be shown by the "journals," and "to the journals only, of the two houses, which con-

stitute the memorial of legislative proceedings, can we look, to ascertain the nature, character, and extent" of the action taken by the body, "and, where the journals fail to disclose the nature and character of" the action, "it is not permissible to resort to other evidence for that purpose."—*Jackson v. State,* 131 Ala. 21, 24, 31 South. 380, 381. "The journals can neither be contradicted nor amplified by loose memoranda made by clerical officers of the house. To these the courts cannot look for any purpose."—*Ex parte Howard-Harrison Iron Co.,* 119 Ala. 491, 24 South. 516, 72 Am. St. Rep. 928; 5 May-field's Dig. p: 194, § 41.

It results that said "Greater Birmingham Act" never became a law. The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.