[State, ex rel. Sigsbee, et al. v. City of Birmiħgham.]

# State *ex rel.* Sigsbee, *et al. v.* City of Birmingham.

## *Quo Warranto.*

(Decided April 19, 1910.   52 South. 461.)

1. *Municipal Corporations; Annexation of Territory; Constitutional Provisions.*—Where territory sought to be joined to Birmingham was not included within the corporate limits of any other city or town, section 216, Constitution 1901, was not applicable thereto.

2. *Same; Effect.*—Where by an election the territory of one city is added to that of another, the original corporation containing the added territory ceases to exist, and the added territory becomes the part of the city to which added and subject to its powers.

3. *Same; Boundaries; Alterations; Addition of Territory.*—Sections 1070-1074, are not in conflict with sections 215 and 216, Coristitution 1901.

4. *Same; Extension; Statutory Provision.*—The requirements of section 1072, Code 1907, that the council should declare in each resolution and the judge in each order "that such resolution, order or notice, as the case may be, is passed, given or entered under the provisions of this article," are directory only and proceedings for the extension of the city limit are not invalidated for a failure of the order declaring the result of the election to contain such quoted provision.

5. *Same; Description; Variance.*—Proceedings for the extension of the boundaries of a city are not invalidated because the description in the published notice is not identical with the descriptions in the papers in the case, where both refer to the plat and reach the same point over practically the same route.

6. *Statutes; Special and Local Laws; Amendment to City Charter.*—A proceeding to annex territory to a city under the statute is not an amendment to the city's charter and is therefore not in conflict with subdivision 18, section 104, Constitution 1901.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Petition by the State, on relation of J. N. Sigsby and another, in the nature of qou warranto, against the City of Birmingham.   From a judgment for respondents, petitioners appeal.   Affirmed.

In addition to the petition set out in a former report of this case (157 Ala. 418, 47 South. 1036), and another

report found in 48 South. 843, the following paragraph (No. 5) was added to the petition, as follows:

"Petitioners aver and show your honor's court that the said election was held June 30, 1908, was a void election, in this: The said election was held under section 1071 of the Code of Alabama of 1907, which section is in conflict with section 216 of the Constitution of 1901, in this: Said section 1071 authorizes an annexation of territory not incorporated, and which prohibited levying of a greater tax than one-half of 1 per centum on the tax book property for one year, on the property situated therein, and which said section 216 of said Constitution granted to and authorized the city of Birmingham, to which the said territory has been annexed under said election, the right to levy a tax at the rate of 1 per centum on the taxable property situated in the said city of Birmingham for any one year, which said territory was, on the ratification of said Constitution of 1901, established by its charter, which did not comprise the territory embraced and described in the exhibit hereto attached, and for that reason said section 1071 of the said Code is void, in that it conflicts with said section 126 of the Constitution."

PINKNEY SCOTT, for appellant. Article 33, volume 1, Code 1907, is in conflict with section 216, Constitution 1901.—*Shulte v. Eberly*, 82 Ala. 242; *Hare v. Kennedy*, 83 Ala. 608; *Elyton L. Co. v. Mayor*, 89 Ala. 477; *State v. Southern Ry. Co.*, 115 Ala. 250. It was not within the legislative power to impose upon the territory embraced in the petition outside the corporate limits of Birmingham new burdens and restrictions.—*Ex parte Pollard*, 40 Ala. 88. To do what is here attempted would be clearly and strictly amendatory and revisory of the charter of Birmingham, and this is especially

prohibited.—Subd. 18, sec. 104, Const. 1901; *State ex rel. Gamble v. Hubbard,* 148 Ala. 396. The notices failed to follow the directions prescribed by section 1072, Code 1907.

ROBERT H. THACH, for appellee. No brief came to the Reporter.

SIMPSON, J.—This is a quo warranto proceeding, for the purpose of testing the validity of certain proceedings under which an election was held to annex certain territory to the city of Birmingham. The case has been before this court heretofore. See *State ex rel. Sigsbee v. City of Birmingham,* 160 Ala. 196, 48 South. 843; *State ex rel. McKinley v. Martin,* 160 Ala. 181, 48 South. 846.

The first insistence of the appellants is that the court erred in sustaining the motion to strike paragraph 5, which has been added to the original petition. The substance of the contention is that the chapter included in sections of Code of 1907 from 1070 to 1074, inclusive, is in conflict with section 216 of the Constitution of 1901. Said section 216 provides "that no city, town, village or other municipal corporation, other than as provided in this article, shall levy or collect a higher rate of taxation in any one year * * * than one-half of one per cent., * * *" and then makes certain provisions not material to this controversy, and exempts Birmingham and other cities from this restriction. The insistence is that, by allowing the city of Birmingham to extend its limits so as to include the territory in question, it will result in subjecting the property in said territory to a higher rate of taxation than could be levied on it at the time of the adoption of the Constitution, and thus deprive it of the protection of said section 216.

It may be remarked, in the first place, that the territory described in the petition "does not embrace any territory within the corporate lines of another city or town," so that section 216 does not apply to it. Section 215 provides that no county shall levy a greater rate of taxation than one-half of 1 per cent. If the argument of the appellants be correct, then no city or town could ever be incorporated or extended; for in either event it would result in placing the territory under the control of a corporation, which could increase the amount of taxes levied therein. Even if the territory sought to be annexed to Birmingham were incorporated, the result of the annexation would not be a violation of section 216, because it would not allow the original incorporation to levy a higher rate than was provided for by law when the corporation was organized. By the election of the people the original corporation ceased to exist, and the territory simply became a part of the city of Birmingham, and, of course, subject to its powers.

Said sections are not violative of section 215 or section 216 of the Constitution; and there was no error in striking section 5 from the petition. This proceeding to annex the territory does not constitute an amendment to the charter of the city of Birmingham, and is not in conflict with section 104, subd. 18, Const. 1901.—*State ex rel. Gamble v. Hubbard*, 148 Ala. 391, 41 South. 903.

It is next insisted that the proceedings were invalid, for failure to comply with the requirements of section 1072 of the Code. Said section provides for a second application to extend the city limits, after they have already been once extended, and in the same section goes on to provide that "in every proceeding to extend the corporate limits of any city or town under the provisions hereof the council" shall declare in each and every resolution, and the judge in each order "that such reso-

lution, order or notice, as the case may be, is passed, given or entered under the provisions of this article." It appears from the record that this statement was made in the resolution of the city council, and in the decree ordering the election that fact is recited, and the order is stated to be made under the section of the Code; but in the order declaring the result of the election the section of the Code is not mentioned. It clearly appears from the entire proceeding, which was continuous, the final order referring to the previous proceeding, that it was all done under said statutes, and we hold that the requirement that said recital shall be made in every order is merely directory.

The next insistence is that the description of the territory to be annexed is not identical in the notice published in the Age-Herald with the descriptions in the papers in the case. It seems that in the notice in the paper one of the calls is left out, to wit, where the description in the papers in the cause is, "thence in a straight line to the northwest corner of the boundary line of the town of East Lake; thence westwardly in a broken line, along the northern boundary lines of the towns of East Lake, Woodlawn, and Avondale, to the northwest corner of the town of Advondale," the description in the notice is, "thence in a straight line to the northwest corner of the boundary line of Woodlawn and Avondale, to the northwest corner of the town of Avondale." We have not the plat referred to, but, from the description, both descriptions reach the same point, and it appears to be by practically the same route. However, as the petition refers to the plat, and the court had the plat before it, and the notice also, it must be inferred that the variance in description is immaterial, and the map shows the true boundary lines. The proceedings are not invalid on this account.

The court properly denied the application for a writ of mandamus, and the decree of the court is affirmed. Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.