(88 South. 868)

**HOOPER v. TOWN OF ALBERTVILLE.**

**(8 Div. 332.)**

(Supreme Court of Alabama. April 22, 1921.)

1. **Municipal corporations ⊂⊃969(2) — Statute relating to publication of resolutions by town council inapplicable to certain tax levies and assessments.**

A resolution of a town council, which was but the fixation or levy of the municipal tax as authorized by Code 1907, § 1311, was not such an ordinance or regulation as was required to be published under the terms of section 1258 as amended by Acts 1911, p. 632, the latter section as amended not applying to tax levies and assessments as dealt with in a separate and distinct chapter of the Code, which provides for the publication of a notice that the assessment had been made and for the hearing of objections, and the lawmakers did not contemplate that the general levy was also to be published.

2. **Municipal corporations ⊂⊃968(½) — Tax levy held sufficiently specific as to property to be taxed.**

A tax levy, fixing a rate of one-half of 1 per centum "upon all property, real, personal and mixed located or taxable in the town of A., for the year 1914," meant that the property taxable in the town for the year 1914 was such property as had been assessed by the state for the previous year, as required by the constitution and statutes, and, although it could have been more specific, was not void.

3. **Municipal corporations ⊂⊃971(3) — Town council may itself make assessment upon property escaping taxation.**

Under Code 1907, § 1327, a town council could itself make an assessment upon property which had escaped taxation, without designating an agency to make the assessment.

4. **Municipal corporations ⊂⊃971(3) — Assessment proper upon property escaping taxation, but not taxable at time of assessment.**

An assessment by a town council upon property which escaped taxation in past years was not void because it contained property not taxable at the time the assessment was made, for the reason that the law providing for such taxing was repealed.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Petition of J. F. Hooper for certiorari, directed to the Town of Albertville and the officers of the municipality to quash an assessment of taxes for the year 1914. From a judgment denying the certiorari; petitioner appeals. Transferred from Court of Appeals under section 6 of the Act of 1911, p. 449. Affirmed.

The petition shows that the mayor and council of the Town of Albertville did attempt to make by an ordinance an assessment against the personal property of petitioner of one-half of 1 per cent. of it, the value thereof being fixed at $66,678.39. Fur-

ther avers that he appeared before the council and made a written objection to said assessment upon the following grounds:

(1) That no legal levy of a tax on personal property in the town of Albertville has been made.

(2) The alleged levy on November 2, 1914, was and is void, for that said levy was based on the state and county assessment for the tax year 1914, instead of on the state and county assessment for the "preceding year," as required by section 1311 of the Code and section 216 of the Constitution.

(3) The alleged levy on November 2, 1914, is void, for that the ordinance resolution or regulation purporting to make said levy has never been published, as required by section 1258 of the Code.

(4) Because the time has passed within which the levy of taxes for the year 1914 can legally be made by the town of Albertville for the year 1914.

(5) Because section 1311 of the Code is unconstitutional, for that it provides an alternative method of assessment, violative of section 216 of the Constitution.

(6) The attempted levy of November 2, 1914, is void, for that the ordinance fixing the sum is not styled, "Be it ordained," etc., as required by section 1253 of the Code.

(7) Because the assessment made June 5, 1916, is void, for that it does not show the items of property on which said assessment is made.

(8) Because said assessment of June 5, 1916, is void, for that the same was not made by the city or town clerk, nor by any other person designated by the council, but it is made by the council itself, in violation of section 1311 of the Code.

(9) The said J. F. Hooper shows for further reason why this assessment of June 5, 1916, should be vacated and annulled, and that under said invalid levy and assessment based thereon the town of Albertville did wrongfully and tortiously collect of the said J. F. Hooper the taxes now sought to be assessed against him, and that the said J. F. Hooper did institute suit against the town of Albertville for the recovery of said taxes so wrongfully and tortiously collected, and did in July, 1915, recover in the circuit court of Marshall county a judgment for said taxes, and that said judgment is in full force, and has not been paid, and said town should not be allowed to make this assessment without first paying the judgment that has already been rendered against it.

(10) Because said corporation has not authority to make an assessment upon property which has escaped taxation subsequent to the year in which said assessment should be made under section 1311 of the Code.

(11) Because section 1327 of the Code is unconstitutional, for that it provides an alternative method of assessment violative of section 216 of the Constitution.

(12) Because it does not appear that the town council made the assessment of June 5, 1916, but merely passed an ordinance, declaring the taxes to be "hereby assessed," etc., which said ordinance was not signed by the mayor, nor approved by him before its publication, and has not been signed and approved by him to the

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

time of making these objections, as shown by said ordinance on its face.

(13) Because section 1327 provides for a different method for assessment from that provided in section 1311 of the Code and neither section was followed in making the assessment of June 5, 1916.

(14) Because the ordinance, resolution or regulation attempted to be passed November 2, 1914, directed the clerk to make or employ a competent man to make the assessment, in violation of section 1311 of the Code, and there has been no other order or direction to any one by the town council to make said assessment, and the assessment of June 5, 1916, was not made by the town council, as it purports from the ordinance to have been made.

- (15) Because no authority is vested in the town council under section 1311 of the Code to make said assessment.

(16) Because no authority is vested in the town clerk under section 1327 of the Code to make said assessment.

The resolution referred to in the opinion is as follows:

To provide for the assessment of all property located or taxable in the town of Albertville which escaped taxation by the town of Albertville for the year 1914.

Whereas, on the 2d day of November, 1914, the town of Albertville, Alabama, passed an ordinance providing for the levy of a general tax of one-half of one per centum for municipal purposes upon all the property, real, personal and mixed, located or taxable in the town of Albertville for the year 1914; and whereas, it has been made to appear to the satisfaction of said town council of the town of Albertville, and the said town council of Albertville, Alabama, ascertains and finds that the property hereinafter described, which was located or taxable in the town of Albertville, Alabama, during the year 1914; and whereas, it has been made to appear to said town council and the said town council finds and ascertains that the parties hereinafter named have returned the property hereinafter described for state and county taxation for the year preceding the said second day of November, 1914, at the value shown below in each instance:

Now, therefore, be it ordained by the town council of the town of Albertville, as follows:

That the general tax of one-half of one per centum, levied, as above stated, for municipal purposes by the town of Albertville, Ala., for the year 1914, be and the same is hereby assessed against the following property, to wit:

The personal property of J. F. Hooper valued in the aggregate at sixty-six thousand six hundred, seventy-eight dollars (66,678.00) and the item composing the said personal property being: Unincorporated bank, private bank or institution doing a banking business that is not incorporated, and the amount of tax calculated at one-half of one per centum being three hundred thirty-three and 39/100 dollars.

Second. That ten days' notice of said assessment be given at once by publication in the Albertville Banner, a newspaper published in the town of Albertville, Ala., that this assessment for escaped taxes for the year 1914 has been completed, and that this town council will sit at the courthouse in the town of Albertville, Ala., the regular council chamber, and will hear and determine objections thereto on the 19th day of June, 1916.

Third. That the town council will meet at the courthouse in the town of Albertville, Ala., the regular appointed council chamber on the 19th day June, 1916, at 3 o'clock 'p. m., to hear any objections that may be made to said assessment and determine said assessment.

Fourth. That this ordinance shall take effect immediately upon its passage, approval and publication, as required by law.

Street & Bradford, of Albertville, for appellant.

The resolution was not published as required. Section 1258, Code 1907. A valid levy is necessary to a valid assessment. 37 Cyc. 970. The resolution is an ordinance, call it by whatever name you will. 89 Ala. 481, 7 South. 901; 37 Cyc. 964; 67 S. C. 324, 45 S. E. 821; 118 Mich. 595, 77 N. W. 450, 44 L. R. A. 164. Therefore it must have been published. 28 Cyc. 348; McQuillan, § 6. Although not a permanent ordinance, it was a general ordinance. 66 Ala. 543; 111 Ala. 369, 19 South. 735; 36 Cyc. 985 et seq. The assessment for the tax year 1914 must be based on state and county assessments for the year 1913. Sections 216 and 1311, Code 1907. The assessment was not made by the officers designated by the law. 196 Ala. 642, 72 South. 258; 37 Cyc. 982, et seq. The assessment covers subjects not taxable at the time it was made. Acts 1915, p. 386; section 2082, Code 1907; 37 Cyc. 988.

Orr & Killcrease, of Albertville, for appellee.

The provisions of section 1258, Code 1907, are without application here, since the levy was made under the authority of section 1311, Code 1907. 6 N. D. 56, 69 N. W. 5; 112 Ill. 113, 1 N. E. 474; 174 Ill. 439, 51 N. E. 598; 185 Ala. 490, 64 South. 301. Escapes are reached under the provisions of section 1327, Code 1907, and are to be made by the council itself.

ANDERSON, C. J. [1] The resolution of the town council was but the fixation or levy of the municipal tax, as authorized by section 1311 of the Code of 1907. This statute provides the method and basis for the assessment of the tax, and requires notice by publication of the assessment after being made, and gives interested parties the right to appear and contest the same. We do not think that the resolution or order of November 3, 1914, page 17 of the record, is such an ordinance or regulation as is required to be published under the terms of section 1258 of the Code of 1907 as amended by Acts 1911, p. 632. Said section 1258, as amended, does not apply to tax levies and assessments as dealt with in a separate and distinct chapter of the Code, as section 1311

provides for the publication of a notice that the assessment had been made, and for the hearing of all objections thereto, and the lawmakers did not contemplate that the general levy was also to be published. It also appears that this assessment was published, and that the appellant appeared and contested same.

[2] The levy fixes a rate of one-half of one per centum "upon all property, real, personal and mixed located or taxable in the town of Albertville, for the year 1914." This, of course, means that the property taxable in the town for the year 1914 was such property as had been assessed by the state for the previous year, as required by the Constitution and statutes. The levy could have, of course, been more specific, but we cannot say that it is void and should be quashed.

[3] It is next urged that the assessment was not made by an officer authorized by law; that it was made by the town council instead of the clerk or other person designated by the council. In the first place, the assessment was for escaped tax, and was made under section 1327 of the Code, and which provides that at any time within five years after the property has escaped taxation "the council or board of assessors shall have the right to make assessments against such property for such escaped taxes." On the other hand, we do not mean to hold that if dealing with an original assessment under section 1311 of the Code, instead of escapes under section 1327, that the assessment by council rather than a designated agency would render the same void. Section 1311 authorizes the town council to designate the clerk or other persons to make the assessment, and it could evidently do what it could authorize, and the fact that it performed this duty, instead of delegating the same to a subordinate, did not render the same invalid.

Neither sections 1311 or 1327 provide as to the contents of the assessment, for the reason, no doubt, that it is to be based upon the state assessment for the previous year, and the action of the council discloses the amount of personal property, and the kind and character of same as assessed by the state for the tax year preceding 1914; that notice was given by publication as to the assessment in question and the appearance of appellant by counsel, who objected to and contested said assessment.

[4] There is no merit in the contention that the assessment is void because it contains property not taxable at the time the assessment was made, for the reason that the law providing for taxing solvent credits and money loaned was repealed by the act of 1915 (Sess. Laws, p. 107), and this assessment was made thereafter. True, the assessment was made after the act of 1915, but it was for escaped tax, which should

have been assessed and paid under the law as it existed prior to the act of 1915, and which said act in no wise relieved the appellant's property from liability therefor.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.