183 So. 664

**TOWN OF VALLEY HEAD v. MISHLER.**

7 Div. 484.

Supreme Court of Alabama.

Oct. 6, 1938.

L. L. Crawford and C. A. Wolfes, both of Fort Payne, for appellant.

Isbell & Beck, of Fort Payne, for appellee.

BOULDIN, Justice.

The action was upon certain interest coupons upon municipal bonds issued by The Town of Valley Head as general obligations of the municipality.

The municipality defended upon the ground that the issue of bonds, $8,000, was in excess of the constitutional debt limit of the town, one having a population of less than six thousand, as prescribed by Section 225 of the Constitution.

The sole questions presented in argument on this appeal relate to certain rulings of the trial court sustaining plaintiff's objections to tax assessment records offered in an attempt to show the assessed values of property within the municipality on which the debt limit is to be ascertained. The debt limit is fixed by Section 225 at 5% of "assessed valuation of the property therein." The assessed value of property for purposes of municipal taxation is fixed by Section 216 of the Constitution at "the value of such property as assessed for state taxation during the preceding year."

The bonds were issued of date August 1, 1924.

The tax records offered related to assessment for state purposes for the year 1924. These were not the records of assessments for the "last preceding year."

This is evident from the language of the Constitution, and was fully discussed and settled in Elyton Land Co. v. Mayor & Aldermen of Birmingham, 89 Ala. 477, 7 So. 901. It was there pointed out that the state assessment for the last preceding year, rather than the assessment for the current year, was made the basis of munic-

ipal assessments because the tax records, the final warrant for collection of state and county taxes, were not, and still are not, made up and completed, until the current tax year is far advanced. The work of the Board of Equalization at June and July Terms is to be completed before the final certificate to the current assessment roll is made, beside supplemental assessments of escapes by the tax collector, etc. See, also, City of Bessemer v. Tennessee Coal, Iron & Railroad Co., 131 Ala. 138, 31 So. 492; Hooper v. Town of Albertville, 205 Ala. 621, 88 So. 868.

The general reference to "the last preceding assessment for state purposes" in First National Bank v. Town of Luverne, 235 Ala. 606, 180 So. 283, 287, is entirely consistent with this holding, and manifestly was not intended to mean the assessment for the current year.

Neither this case nor cases there cited, overrule the decision in Elyton Land Co. v. Mayor & Aldermen of Birmingham, supra. They deal with the general proposition that county and city debt limits are determinable by assessed values rather than actual values.

The rulings of the trial court may be sustained on this ground.

This case seems to have presented practical difficulties in getting before the jury the proper evidence on which to figure the debt limit of the town at the time these bonds were issued.

It appears the city assessment records had been destroyed. Whether these, when shown to be official assessments made pursuant to the Municipal Code, presumably according to the Constitutional requirements of Section 216, would be admissible, is not before us.

It was observed by the presiding judge on the trial that the assessment of railroads and other utilities within the corporate limits does not appear on the county records. To make out the city's case all official assessments of properties within the corporate limits for the last preceding year would have to be compiled. It would seem rather impractical for a jury to do the work of an auditor in compiling this data, it appearing that some property in the beat where the town was located was outside the city limits, and some property within city limits had been entered on the tax records of other precincts, &c.

It may be our laws need to be amended or supplemented to make available records from which cities as well as bond buyers may readily ascertain the debt limit of each municipality from time to time. This is matter for consideration of the legislature.

We further note there was no contention that The Town of Valley Head owed other indebtedness at the time of this bond issue. We would not imply that this issue would be invalid to the extent of the debt limit.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.