# Mobile L. & R. Co. *v.* Copeland & Son.

### Damage for Injury to Street Car Track.

(Decided November 14, 1916.  Rehearing denied December 19, 1916.
73 South. 131.)

1. **Money Paid; Action for; Discharging Debt of Another.**—If plumbers were legally liable for repairs made by a street railway company on a drain, and in order to comply with its statutory duty to carry the public safely and protect its own interests, the street car company caused the repairs to be made and paid therefor, it could maintain an action of assumpsit against the plumbers for money paid at their instance and request; where one person to protect his own interest pays a debt for which another is legally liable, the law implies an assumpsit on the part of the latter to the former, and a request will be implied where the consideration consists in plaintiff having been compelled to pay for that for which defendant was legally liable.

2. **Same; Burden of Proof.**—Before a party can recover in assumpsit against another party for money paid in satisfying a legal liability of such other the plaintiff must show that defendant was liable by contract, either express or implied.

3. **Contract; Tortious Act; Implication.**—If repairs to a drain were made necessary by the tortious conduct of plumbers, who were benefited by the commission of the tortious act, and a street railroad made the repairs in order to perform its duty to carry safely the public, and to protect itself, a contract by the plumbers to pay for the repairs will be raised by implication of law.

4. **Municipal Corporations; Streets; Maintaining.**—The duty rests upon municipal corporations to maintain their streets in reasonably safe condition for public travel.

5. **Same; Plumber's License; Restoration of Street Surface.**—As a prerequisite to issuance of license or permit to a class of artisans who may be

called upon to make excavations disturbing the surface of streets, a municipality may require the street to be restored to its natural and reasonably safe condition, and that the work of restoration be guaranteed for a reasonable time.

6. Same.—The liability of a plumber, who disturbs a street, to restore it depends on contracts between him and the city, either express or implied from the transaction, necessarily a prerequisite to issuance of license or permit to excavate, and such liability cannot be arbitrarily imposed by ordinance and independent of contract.

7. Constitutional Law; Due Process.—In the adoption of ordinances municipal corporations must conform to constitutional limitation, and any ordinance which arbitrarily fixes liability on the citizens in the prosecution of lawful business in the absence of contract, wrong, fraud, or neglect on his part, denies due process of law and is void.

8. Same; Construction.—In construing a city ordinance that construction will be adopted which will uphold its constitutionality.

9. Contracts; Ordinances Imposing Liability.—The ordinance considered and it is held that its manifest purpose was to make the plumber or drain layer liable for negligence under penalty of revocation of his license, and the cost of repairs, and that it did not impose liability in the absence of negligence, and hence, that a street railway which was forced to repair an excavated street which settled after replacement by the plumbers who excavated it, could not recover the cost of the work against the plumbers on any theory of implied contract.

APPEAL from Mobile Circuit Court.

Heard before Hon. S. B. BROWNE.

Action by the Mobile Light & Railroad Company against S. D. Copeland & Son, and the individuals composing the firm. From a judgment for defendants, plaintiffs appeal. Affirmed.

The sixth count alleges that plaintiff has owned and operated since May, 1913, under a franchise from the city of Mobile, a line of street railways upon and along Dauphin street, a public street in the city of Mobile, for the common carriers of passengers for hire, over double tracks laid upon and embedded in said Dauphin street, and that during the months of May and June, 1913, there was in force and effect a municipal ordinance in the city of Mobile requiring all persons who shall engage in the business of plumbing in the city of Mobile to obtain a license, and to furnish the plumbing inspector satisfactory evidence of their ability and willingness, or the ability of their employees, to do the work in accordance with the rules and regulations prescribed in the ordinance regulating connections with the sanitary sewers of the city of Mobile, and providing a penalty for failure to comply therewith. And plaintiff further alleges that, during said months of May and June, there was in force and effect a munici-

[Mobile L. & R. Co. v. Copeland & Son.]

pal ordinance in the city of Mobile to regulate connections of the sanitary sewers of the city of Mobile, a part of which required that, in opening trenches on any street or public way, paving or ballast must be removed with care, the side of the trench sheeted or braced when directed, the gas and water pipes protected from injury, etc. When a trench has been opened, or when a drain had been disturbed in refilling the said trench, and in replacing the dirt, the back-filling shall be thoroughly rammed with rammers weighing not less than 20 pounds, and the paving or ballast replaced in good condition, and to the satisfaction of the superintendent of sewers, within 48 hours after the back-filling of the trench, and any settlement over the drain on any street or public way within one year after the laying of the drain shall be repaired at the expense of the plumber or drain layer doing said work. (These ordinances are set out in full in the complaint, but the substance only is given here.—Reporter.)

And plaintiff alleges that defendant was personally engaged in the business of plumbing during said months of May and June, and were licensed by the said city to engaged in said business, and in said months of May and June, 1913, said defendants undertook to connect drains from buildings on the north side of Dauphin street in the city of Mobile, with the sanitary sewers of the city of Mobile, situated in Dauphin street, and on the south side thereof, at two points (here follows description of the points). Plaintiff says that, in connecting said drain with said sanitary sewers at said points, defendants opened trenches in and across said Dauphin street and underneath plaintiff's street car track thereon, and that, after defendant had replaced the back-filling from the trenches so opened, the soil settled over the drain where said trenches were opened, under said street car tracks of plaintiff, within one year from the laying of said drain, as a proximate result of the opening of said trenches, thereby injuring plaintiff's said street car track and making it unsafe to run plaintiff's cars thereon. Plaintiff then sets up the statute of the state, and the ordinances of the city of Mobile, requiring it to maintain and keep in repair the streets between its rails, and for 18 inches on each side thereof. It is then alleged that in order that it might fulfill the duty required of it by the statute and the ordinances, and in order that it might safely carry on its business with the public over said track, it was compelled to expend the sum of $35.38 for labor and materials fur-

nished in making the necessary repairs for the street underneath its tracks at the point where said trenches were opened, the necessity for which repairs being proximately caused by the opening of said trenches, and by the settlement of the soil in the trenches so opened by defendant within a year from the laying of said drain, which said sum is a reasonable value of the labor and materials so furnished by it.

The demurrers set up the unconstitutionality of section 7 of the city ordinance as violative of the fourteenth amendment of the Constitution of the United States: (1) In denying equal protection of the law; (2) as being limited to the plumber or drain layer doing said work, and not applying to other persons doing the same work; also that it was wholly unreasonable in the methods employed, and for other reasons stated in the opinion.

HARRY T. SMITH & CAFFEY, for appellant. F. K. HALE, JR., and C. W. TOMPKINS, for appellee.

BROWN, J.—It seems to be conceded by the parties that the ruling of the court on the demurrer to the sixth count of the complaint fully presents the questions to be settled by this appeal; and, as counsel for appellant have limited their argument to the assignment of error predicated on this ruling, the court will only treat the questions thus presented.

(1) It is well settled where one person, in order to protect his own interest, pays a debt for which another is legally liable, the law implies an assumpsit on the part of the latter to the former.—*Beard v. Horton,* 86 Ala. 202, 5 South. 207; *Ledger Pub. Co. v. Miller,* 170 Ala. 437, 54 South. 52; *Walker v. Smith,* 28 Ala. 562; 27 Cyc. 833-836. And a request will be implied where the consideration consists in plaintiff having been compelled to pay that for which the defendant was legally liable.—*Nutter v. Sydenstricker,* 11 W. Va. 535.

Therefore, if the defendants were legally liable for the repairs made on the drain, and the plaintiff, in order to comply with its statutory duty and protect its own interests, caused the repairs to be made and paid therefor, under the principles above stated, it could maintain an action of assumpsit for money paid for defendants at their instance and request.—27 Cyc., supra.

(2, 3) Before the plaintiff would be entitled to recover, it was incumbent on it to show that the defendant was liable by

[Mobile L. & R. Co. v. Copeland & Son.]

contract either express or implied for the repairs on the drain which the plaintiff alleges it caused to be made and paid for.— 2 R. C. L. 747, § 6. Such contract will be raised by implication of law if the defendants were under legal duty to make the repairs and the plaintiff, in order to conform to its statutory duty and protect itself, caused them to be made and paid the expenses incident thereto.—2 R. C. L. 749, § 8. So, also, if the repairs were made necessary by the tortious conduct of the defendants and defendants were benefited by the commission of the tort.— *Judson v. Eslava*, Minor, 71, 12 Am. Dec. 32.

The plaintiff undertakes to bring the case within these principles by the averments found in the sixth count of the complaint that the defendants, at the time of opening the drain, were engaged in the business of plumbing in the city of Mobile, and previous thereto had applied for and obtained from the city authorities a license to engage in this trade under its ordinances and regulations, providing: "All persons who shall engage in the business of plumbing in the city of Mobile shall, before receiving license therefor, furnish to the plumbing inspector satisfactory evidence of their ability and willingness, or the ability of their employees to do the work in accordance with the rules and regulations prescribed in an ordinance entitled 'An ordinance to regulate connections with the sanitary sewers of the city of Mobile, Ala.,' and shall take out a license, for which he shall pay at the rate prescribed annually by the general council."

That the ordinance regulating sanitary connections provided: "In opening trenches on any street or public way, paving or ballast must be removed with care, the side of the trench sheeted or braced when directed by the superintendent of sewers, or other duly authorizd inspector; gas and water pipes must be protected from injury, and the trench must be inclosed and lighted at night, and every precaution must be taken to prevent injury to the public during the progress of the work. Whenever it shall be necessary to disturb a drain, it must not be obstructed without the direction of the superintendent of sewers or an authorized inspector; when a trench has been opened, or when a drain has been disturbed in refilling the said trench and in replacing the dirt, the back-filling shall be thoroughly rammed with rammers weighing not less than twenty pounds, and the paving or ballast replaced in good condition and to the satisfaction of the superintendent of sewers, or an authorized inspector, within forty-eight

hours after the back-filling of the trench; and any neglect of this rule shall be sufficient cause for the revocation of the drain layer's license and permit, and any settlement over the drain on any street or public way within one year after the laying of the drain, shall be repaired at the expense of the plumber or drain layer doing said work."

(4-6) In the light of the duty resting upon municipal corporations to maintain their streets in reasonably safe condition for public travel, it is not unreasonable to say that the corporation, as a prerequisite to the issuance of a license or permit to a class of artisans who, in the prosecution of their business, are called upon to make excavations that disturb the surface of its streets rendering their use hazardous to the public, may require the street to be restored to its natural and reasonably safe condition, and that the work of restoring the street be guaranteed for a reasonable time.—*Hill v. City of St. Louis*, 159 Mo. 159, 60 S. W. 116. Such liability, however, would depend upon contract between the parties, either express or implied from the transaction, and necessarily a prerequisite to the issuance of the license or permit to open the drain. Such liability cannot be arbitrarily imposed by ordinance, and independent of contract.

(7) Municipal corporations are creatures of the Legislature of the state, delegated with limited legislative authority, and may adopt measures, within that authority, having the force of law.—Dillon, Municipal Corporations (5th Ed.) 573. But in the adoption of ordinances they must conform to the Constitution; and any ordinance that arbitrarily fixes liability on the citizen in the prosecution of his lawful business, in the absence of contract, wrong, fraud, or neglect on his part, denies due process of law and is void.—*Zeigler v. S. & N. Ala. R. R. Co.*, 58 Ala. 594; Elliott on Roads & Streets, § 517.

(8, 9) The only prerequisite to the issuance of a license to plumbers provided for in the ordinances set out in the complaint is that the person applying therefor "shall, before receiving a license therefor, furnish to the plumbing inspector satisfactory evidence of their ability and willingness or the ability of their employees to do the work in accordance with the rules and regulations" prescribed by the ordinances of the city, and "pay at the rate prescribed annually by the general council." There is no suggestion that the applicant will, by the acceptance of such license, assume liability in excess of that imposed by the

[Buerger v. Mabry.]

general law of the land. There is no contention that there is an express guaranty, but the contention is that the law will imply one from the acceptance of a license; but the circumstances here do not warrant the conclusion that the defendants assumed any such liability.

The provision in the ordinance under which appellant seeks to establish the liability of the defendants, when considered as a whole, is subject to the reasonable construction that it does not impose liability in the absence of negligence, and this construction will be adopted in order to uphold it. It provides: "When a trench has been opened, or when a drain has been disturbed, in refilling the said trench and in replacing the dirt, the back-filling shall be thoroughly rammed with rammers weighing not less than twenty pounds, and the paving and ballast replaced in good condition and to the satisfaction of the superintendent of sewers, or an authorized inspector, within forty-eight hours after the back-filling of the trench; and any neglect of this rule shall be sufficient cause for the revocation of the drain layer's license and permit; and any settlement over the drain on any street or public way within one year after the laying of the drain, shall be repaired at the expense of the plumber or drain layer doing said work."

The manifest purpose of the provision was to make the plumber or drain layer liable for negligence to the penalty of revocation of the license and the cost necessary to make the repairs.

The ruling of the circuit court was free from error, and the judgment is affirmed.

Affirmed.