(109 So. 105)

**PROCTOR v. STATE.** (8 Div. 866.)

(Supreme Court of Alabama. June 10, 1926.)

**1. Taxation ⚌58.**

Revenue Act of 1919, § 5 (Gen. Laws 1919, p. 284), requiring assessment of property brought into state after October 1st and before assessment is completed, *held* not repealed, but expressly preserved, by Revenue Act 1923 (Acts 1923, p. 152), in view of sections 2b and 88 of the latter act.

**2. Taxation ⚌296.**

Const. 1901, § 214, forbidding Legislature to levy greater tax than .65 of 1 per centum on value of property in "one year," means in one tax year—from October 1 to October 1 following.

[Ed. Note.—For other definitions, see Words and Phrases, One Year.]

**3. Taxation ⚌296—Constitutional prohibition as to rate of assessment in any one year does not affect validity of statute providing that property brought into state after October 1 and before assessor has completed his assessment shall be taxed as if held in state in October 1 (Const. 1901, § 214; Revenue Act 1919, § 5 [Gen. Acts 1919, p. 284]; Revenue Act 1923, § 38 [Gen. Acts 1923, p. 175]).**

Const. 1901, § 214, prohibiting the Legislature from levying a greater rate of taxation than .65 per cent. in one year, does not affect validity of Revenue Act 1919, § 5, providing that property brought into state after October 1 and before assessor has completed assessment under Revenue Act of 1923, § 38, shall

be subject to taxation as if held in state on October 1.

**4. Taxation ⊕═40(7).**

Revenue Act 1919, § 5 (Gen. Acts 1919, p. 284), providing that all property brought into state after October 1 and before assessor has completed assessment shall be taxed the same as if held in state on October 1, is not contrary to Const. 1901, § 217, requiring uniformity of rates.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Proceeding by the state to assess property of J. A. Proctor for taxation. From the judgment, defendant appeals. Affirmed.

The appellant, a dealer in mules, brought a lot of mules into the state between October 10, 1924, and March 31, 1925, following, which were assessed and taxed at the regular rate for the tax year beginning October 1, 1924, and ending September 30, 1925, as though they were held or owned by appellant on October 1st of the tax year.

The assessment was confirmed by the county board of review, and this appeal is from a judgment of the circuit court confirming the assessment as valid, the only error assigned being the refusal to give the general affirmative charge for the defendant taxpayer.

Proctor & Snodgrass, of Scottsboro, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. Section 5 of the Revenue Act of 1919 (Gen. Acts 1919, pp. 282, 284), specifies in detail the subjects of taxation in Alabama, including, as its final item, "n" which provides:

"All property brought into the state after the first day of October and before the assessor has completed his assessment, shall be subject to taxation the same as if it had been held or owned in the state on the first day of October."

As prescribed by section 38 of the Revenue Act of 1923 (Gen. Acts 1923, p. 175), the assessor must complete his assessments not later than the last Monday in March. The assessment of appellant's property was made under the provision quoted above.

[1] Appellant conceives that the assessment is invalid: (1) Because the special provision authorizing it (section 5 of the Revenue Act of 1919), was not carried forward into the new Revenue Act of 1923, and, being thus omitted, its repeal must have been intended; and (2) because, even though not repealed, the provision is violative of sections 214 and 217 of the state Constitution.

So far as the first contention is concerned, it is quite clear, we think, that the provision in question (section 5 of the Revenue Act of 1919), has not been repealed, but has in fact been expressly preserved. Section 2b of the Revenue Act of 1923 declares:

"There is hereby levied for the purpose and upon the property hereinafter named and not specifically exempted from taxation, and the property named in all other revenue laws of this state not specifically repealed by this act, annual taxes as follows. * * *"

Section 88 of that act specifically enumerates some 90 sections of the Revenue Act of 1919, which it declares are thereby repealed. Section 5 is not in the list. It is preserved for the obvious reason that it enumerates the subjects of taxation, as to which the act of 1923 is silent except for its express adoption of the provisions of former acts not therein specifically repealed.

[2, 3] Section 214 of the Constitution declares that "the Legislature shall not have the power to levy in any one year a greater rate of taxation than .65 of 1 per centum on the value of the taxable property within this state." This, of course, means in any one tax year—from October 1st to October 1st, following, and not in any one calendar year. This section is not concerned with the duration of the taxpayer's ownership, nor with the time of its initiation, and can have no influence upon the question here presented, since it's limitation is in nowise offended by the legislative levy complained of.

[4] Section 217 of the Constitution declares that:

"The property of private corporations, associations, and individuals of this state shall forever be taxed at the same rate. * * *"

This section is a guaranty of uniformity and equality in the rate of taxation, and this requirement is fully met when a like tax is levied upon the same class of property by whomsoever owned. We can see nothing in this section, or in any other provision of the Constitution limiting the taxing power, which inhibits the levy of a uniform tax upon property brought into the state after the 1st day of October, the rate being the same as that levied upon other property held on that date.

Our conclusion is that the levy made by section 5 of the Revenue Act of 1919 still— and constitutionally—prevails, and that assessments for taxation thereunder are valid. From this it results that the ruling of the circuit court was free from error, and the judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes