17 So.2d 662

JOHNSON, Tax Assessor, v. STATE ex rel.
CITY OF BIRMINGHAM.

6 Div. 219.

Supreme Court of Alabama.

March 9, 1944.

Rehearing Denied May 11, 1944.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins and J. W. Arbuthnot, Asst. Attys. Gen., for appellant.

J. H. Willis, Lange, Simpson, Brantley & Robinson, and John W. Lapsley, all of Birmingham, for appellee.

502

**THOMAS, Justice.**

The appeal is from a judgment of the circuit court directing the Tax Assessor of Jefferson County to list for taxes certain properties in territory newly annexed to the city.

The petition was for writ of mandamus, filed by the city, to require the tax assessor to assess the properties indicated for municipal taxes for the year 1944.

The undisputed facts in this case show that on May 25, 1943, the City of Birmingham, acting by and through its Board of Commissioners, by the adoption of an ordinance of that date as provided by law, levied a tax "on all real and personal property and other properties and franchises in the City of Birmingham." The pertinent part of the applicable ordinance is: "Be it ordained By the Commission of the City of Birmingham that taxes are hereby levied for the City tax year, commencing on the first day of October, 1943, on all real and personal property and other properties and franchises in the City of Birmingham, subject to taxation by the laws of the State of Alabama, based on the valuation of said property as assessed for State taxation, as shown by the books of assessment for the state and County tax year, ending on the 30th day of September, 1943, * * *."

Subsequent to the adoption of the said ordinance, the Legislature of the State of Alabama enacted a local statute providing for the holding of an election by the residents of a designated territory to determine whether such territory should be brought into the corporate limits of the City of Birmingham. This act was approved by the governor on June 30, 1943. Local Acts of 1943, p. 205. Pursuant to this act, such election was held on the 11th day of August, 1943, and as of which time the said territory was annexed to the City of Birmingham.

Upon failure of appellant to assess the said annexed territory for municipal taxes for the year 1944, appellee filed the instant petition for writ of mandamus. Appellant's demurrer to the petition was overruled by the trial court, and the following questions raised: (1) That the said local act by which the property in question was annexed to the City of Birmingham was unconstitutional and void in that it violated Section 105 of the Constitution of 1901, therefore placing upon appellant no duty to assess said property for municipal taxation. (2) That the City of Birmingham was without authority on May 25, 1943, the date of its last municipal tax levy, to levy a tax upon property which did not become a part of the City of Birmingham until August 11, 1943, next. (3) That there is no machinery provided by law for the assessment of such property by appellant.

It is insisted by appellant that the trial court erred in overruling his demurrer and in entering final judgment directing him to assess said property.

We will consider the several questions presented by demurrer and insisted upon in oral argument and in comprehensive briefs before us.

■ We hold that the act in question (Local Acts 1943, p. 205, approved June 30, 1943) by which the boundary lines of the city were changed does not offend any provision of the Constitution. The title to said act is: "To alter and extend the Boundaries of the City of Birmingham; To provide for an Election to Submit to the Qualified Voters of the Territory to be annexed to said City of Birmingham for their approval or rejection of such alterations and extension."

■ We look to §§ 104 and 105 of the Constitution and consider them together, as well as a part of our legislative system prescribed by our organic law, and find they are not in conflict. The authorities sustain the statute in question. The adoption of a local act altering or rearranging the boundaries of a city, town or village is expressly excepted from the inhibitions imposed by Section 104 of the Constitution upon the passage of local laws by the legislature. As the act involved provided for an election to be called without the sanction of the municipal authorities (a different method than provided by any general law), it is not in conflict with § 105 of the Constitution. Constitution of Alabama 1901, § 104, subd. 18; § 105; Code 1940, Tit. 37, §§ 135 and 139; State ex rel. Sigsbee et al. v. City of Birmingham, 167 Ala. 651, 52 So. 461; City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 456 [7], 98 So. 373; State ex rel. Gamble v. Hubbard, 148 Ala. 391, 41 So. 903; Yielding v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580; Robinson v. Ensley, Ala.Sup., 52 So. 69; Houston County v. Covington et al., 233 Ala. 606, 172 So. 882; City Council of Montgomery v. Reese, 149 Ala. 188, 43 So. 116; Little v. State ex rel. Huey et al., 137 Ala. 659, 35 So. 134; State ex rel. Bates v. Baumhauer, 239 Ala. 476, 195 So. 869; Skinner's Alabama Constitution, Annotated, pp. 480-481.

■ Section 105 of the Constitution is not construed to inhibit local legislation on a subject not prohibited by the Constitution, merely because the local law is different, and works a partial repeal of a general law. Talley v. Webster, 225 Ala. 384, 143 So. 555.

In State ex rel. Brooks v. Gullatt et al., 210 Ala. 452, 456, 98 So. 373, 377, the Chief Justice, for this court, put at rest the question of a conflict between §§ 104 and 105 of the Constitution in the respects indicated, saying:

"In addition to this, the court in the Ensley case, supra [166 Ala. 366, 52 So. 61], gave expression to the view then entertained that subdivision 18 of section 104 of the Constitution permitted legislation by local laws concerning the alteration or rearrangement of cities, towns, or villages without regard to the general law upon the subject; and this expression has been accepted by the lawmaking body in good faith, and several of such enactments have followed.

"We therefore conclude that the Act No. 130, altering or rearranging the boundary lines of Phœnix City, did not contravene either the provisions of section 104 or 105 of the Constitution."

In Talley v. Webster, 225 Ala. 384, 143 So. 555, it was held that "Constitutional provision prohibiting local laws provided for by general laws does not prohibit local laws on subjects not prohibited by Constitution merely because local law is different and works partial repeal of general laws in territory affected (Const. 1901, §§ 104, 105)." The same view is stated in Morgan County v. Edmonson, 238 Ala. 522, 525, 192 So. 274; Polytinsky v. Wilhite, 211 Ala. 94, 99 So. 843. The local act provided substantially a different method of annexation than that provided for by the general law. Code 1940, Tit. 37, §§ 135, 139.

■ Demurrer raised the important question that the city was without authority on the date of the ordinance to levy a city tax on property situated outside the city when the levy was made and which thereafter became a part of the city (on August 11, 1943) pursuant to the special election for annexation. The city tax was levied under authority of Code 1940, Tit. 37, § 700, and the ordinance hereinbefore set out. Section 217 of the Constitution requires uniformity of taxation at the same rate and § 211 in exact proportion to the value of such property. These provisions of the Constitution, a part of the taxing system of the state, are held applicable to municipal taxation. Mayor, etc., of Mobile v. Stonewall Ins. Co., 53 Ala. 570; Capital City Water Co. v. Board of Revenue of Montgomery County, 117 Ala. 303, 23 So.

504

970; Proctor v. State, 215 Ala. 6, 109 So. 105.

 Where a statute is subject to two constructions, the established rule is that, the one which will validate it is adopted. In Quartlebaum v. State, 79 Ala. 1, 3, the rule stated by Mr. Chief Justice Stone is as follows: "Unless it is clear that the legislature has transcended its authority, it is our duty to declare its acts constitutional. Sadler v. Langham, 34 Ala. 311; Stein v. Leeper, 78 Ala. 517. Where the language of a statute is fairly susceptible of two interpretations, one of which will uphold its constitutionality, and the other defeat it, it is our duty to adopt the former, even though it be the less natural, ut res magis valeat quam pereat."

This rule has not been departed from in this jurisdiction. Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; McCall et al. v. Automatic Voting Machine Corp., 236 Ala. 10, 180 So. 695; Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256; Standard Oil Co. of Ky. v. Limestone County, 220 Ala. 231, 124 So. 523. Such rule of construction is applicable to municipal ordinances. Mobile L. & R. Co. v. Copeland & Son, 15 Ala.App. 235, 73 So. 131. To the like effect is American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206; White v. Board of Adjustment of City of Birmingham, ante, p. 48, 15 So.2d 585. The general rule in other jurisdictions is of like import. 43 Corpus Juris, 569; 59 Corpus Juris, 977, 978.

We hold that the city's counsel presented in oral argument and in brief the natural, just and constitutional construction of the several statutes that are of controlling force.

 The petition alleges essential facts to show that the annexed property was incorporated into the City of Birmingham on August 11, 1943, pursuant to Local Act 358 (Local Acts 1943, p. 205), approved June 30, 1943; and thereby became subject to taxation upon the same basis and at the same rate as imposed upon other property within such municipality on October 1, 1943, for the tax year beginning October 1, 1943. The rate of tax levied by said municipality for such tax year was fixed by ordinance adopted May 25, 1943. Any failure to give a certified copy of such ordinance to the tax assessor on or before June 1, 1943, was expressly cured by the proviso contained in Code 1940, Tit. 37, §

700, to the effect of continuing for the current tax year the levy for the preceding year. This is shown in the petition. It was for the same purposes and at the same rates as fixed in the ordinance of May 25, 1943. It is further shown by the petition that the City of Birmingham in the assessment and collection of its taxes is governed by the applicable general provisions of Sections 700 to 732, Tit. 37, Code 1940.

 The appellant as Tax Assessor of Jefferson County is, by virtue of such office, the tax assessor for the City of Birmingham. Under the provisions of this statute, the duty is expressly imposed upon such tax assessor to list or assess for municipal taxes all property in such municipality for the tax year of such city. The levy for the city is based on the assessed value of such property "as assessed for state taxation as shown by the books of assessment for the state and county tax year ending the thirtieth day of September next succeeding the levy." Code 1940, Tit. 37, § 700. That is, in the preparation of the City assessment "for the next succeeding municipal tax year," the basis is "the assessed value of the then current state tax year." Code 1940, Tit. 37, §§ 705, 706. The lien for city taxes is imposed by the statute effective on the 1st day of October next succeeding the levy of the tax rate for such succeeding tax year of the levy imposing the tax. Code 1940, Tit. 37, §§ 700-702. And city taxes become due and delinquent at the time when the state and county taxes for the preceding year are due and delinquent. Code 1940, Tit. 37, § 698; City of Opp v. Brogden, 236 Ala. 180, 181 So. 752. All laws in force or enacted as to the collection of state and county taxes and the procedure therefor applies to municipal taxes except such laws as are changed by or are in conflict with the provisions of this article. Code 1940, Tit. 37, § 730.

No facts or circumstances are pleaded by the appellant as an excuse for not making such assessment for the purpose of municipal taxation on such property for the thereafter accruing or current tax year commencing Oct. 1, 1943, and extending to Oct. 1, 1944. The tax year is clearly established (International Paper Co. v. Curry, 243 Ala. 228, 9 So.2d 8) as it touches state, county and municipal taxes.

It will be noted from the ordinance set out supra that the city ordinance adopted May 25, 1943, in providing for the rate

of taxation to be levied for the year "commencing on the first day of October, 1943," stipulated the levy was to be made on and apply to property which was within such city on October 1, 1943 (the law day of the levy), and which was subject to taxation for the designated tax year. This was in accord with the ordinance and was what the statute (Code 1940, Tit. 37, § 700) authorized and provided. It will not justify a different construction.

 The statute (Code 1940, Tit. 37, § 700) providing for the adoption of this ordinance and the ordinance adopted pursuant thereto become the authority of law for the levy of taxation in such succeeding tax year, as we have indicated. The fact that the ordinance was adopted before the beginning of the tax year is within the class of statutes providing for a tax to become effective in the future. That is to say, within the class of statutes providing in advance for the rate of taxation to be imposed annually upon the assessed value of all taxable property within the state on October 1st of any tax year (§§ 18, 39, 40, 44, 46 and related sections of Title 51, Code 1940). That such is true with respect to the law day or effective date selected for the ascertainment and fixing of the values and determining the proper person as taxpayer who may be subject to such assessment, in the case of state and county taxes, without affecting the validity of the levy or assessment, is well settled. Code 1940, Tit. 51, § 23 (fixing the tax liens); In re Opinions of the Justices, 234 Ala. 358, 175 So. 690; United States v. State of Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327.

We do not deem it necessary to analyze separately or to discuss each of the decisions cited by counsel. The trial court in its opinion pointed out the difference distinguishing the decisions from the question presented in the case at bar. Johnston v. City of Huntington, 71 W.Va. 106, 76 S.E. 142; Reynolds v. Asheville, 199 N.C. 212, 154 S.E. 85; City of Westport ex rel. Kitchen v. McGee, 128 Mo. 152, 30 S.W. 523; Mayor, etc., of Chattanooga v. Raulston, 117 Tenn. 569, 97 S.W. 456. The principle involved in such decisions is that the tax is limited to property within the city on the date the levy becomes effective. On the application of this principle, we hold that, the levy in this case did not become effective until October 1st, 1943, at which time the property was within the city.

The Legislature expressly provided the law day of the levy as of October 1st, succeeding the date of the annual adoption of the city ordinance in May. It is a well-recognized rule in all procedures adopted for the annual assessment of property taxes, that there shall be one fixed date—a law day—with respect to which persons and subjects of taxation shall be determined and values fixed or assessed. International Paper Co. v. Curry, 243 Ala. 228, 9 So.2d 8, 12. In the last cited case the court said: "Liability for franchise tax is as of a fixed date and there is no authority for the tax department to assess a tax based on liability other than of the law date of liability."

The statute (Code 1940, Tit. 37, § 700) providing for the effective date of the levy as October 1st succeeding the date of the adoption of the city ordinance is clear and express in its terms. As said by Justice Anderson in Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 596, 47 So. 72, 74, "It (the statute) means what it says and says what it means."

It follows that the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.