This case involves a legislative annexation, and two issues are presented on appeal. The questions are, first, whether Act No. 94-533, Ala. Acts 1994, violates Article IV, §§ 104 and 105, of the Constitution of Alabama 1901, and, second, whether the annexation achieved by Act No. 94-533 is, under Alabama law, an invalid "long lasso" annexation or is a valid "corridor" annexation.
Act No. 94-533, a local law,[1] became effective on April 21, 1994. It reads: *Page 741 
"AN ACT
 "Relating to Tuscaloosa County; to alter, rearrange and extend the boundary lines and corporate limits of the City of Tuscaloosa in Tuscaloosa County, Alabama, by annexing certain territory to the City, to make certain findings in regard to the public necessity for the annexation, to provide that the existence of other police jurisdictions shall not affect the validity of the annexation, to provide that there shall be no police jurisdiction of the City of Tuscaloosa adjoining the territory to be annexed or subsequently annexed, except to determine the equidistance boundary lines for annexations, to provide that subsequent annexations by the City of Tuscaloosa to Parcels 1, 2 and 3 of the territory shall only be by unanimous consent and to provide that the City shall exercise full municipal authority over the annexed territory.
"Be it Enacted by the Legislature of Alabama:
 "Section 1. Findings: The Legislature hereby finds and determines that it is expedient, wise, necessary, proper and in the best interest of the citizens of the State of Alabama, Tuscaloosa County and the City of Tuscaloosa to alter, rearrange and extend the corporate limits of the City of Tuscaloosa as herein provided, including but not limited to the purpose of generally promoting the welfare of the State of Alabama, Tuscaloosa County and the City of Tuscaloosa and specifically, but not limited to, the initial purpose of facilitating the City of Tuscaloosa in providing certain utilities and services to the Mercedes-Benz Automotive Assembly Plant Site. Provided, however, the foregoing shall not be construed to limit in any manner or otherwise curtail the exercise of any municipal powers and authorities by the City of Tuscaloosa nor prohibit future or subsequent annexations in accordance with the provisions hereof.
". . . .
 "Section 5. The boundary lines and corporate limits of the municipality of Tuscaloosa in Tuscaloosa County are hereby altered, rearranged and extended so as to include within the corporate limits of said municipality, in addition to the lands now included, all of the following tracts or territories, to-wit: . . . .
 "[The act at this point described by metes and bounds five parcels. These metes and bounds descriptions of Parcels 1-5 are omitted here because they are unnecessary for resolution of the issues presented.]
 "Section 6. A map showing the territory to be annexed into the City of Tuscaloosa, Tuscaloosa County, by the provisions of this act, is on file in the office of the Judge of Probate, Tuscaloosa, County, Alabama, and is open to inspection by the public. . . ."
Ala. Acts 1994, at 967, 968, 975.
The act, by its exact words, "altered or rearranged" the boundary lines of the City of Tuscaloosa (hereinafter "Tuscaloosa")[2] to include certain contiguous[3] territories. The annexed area includes a parcel of land, approximately 14 miles in length, running from Tuscaloosa's city limits to a point on the western municipal limits of the Town of Vance (hereinafter "Vance"),[4] next to the Mercedes-Benz automotive assembly plant site, that incorporates portions of private nonresidential property, the Interstate Highway 59/20 right-of-way, and land adjacent to I-59/20, which varies in width from 210 feet on both sides of the interstate to 30 feet on only one side of the interstate. Additionally, included within the annexed area is a parcel of land, approximately 100 feet wide, that *Page 742 
extends about 5,500 feet from one point on the interstate highway right-of-way to another point on the right-of-way.
Thereafter, Vance filed a complaint seeking a judgment declaring that Act No. 94-533 was illegal and invalid. Vance later amended its complaint; Tuscaloosa answered, admitting all material factual allegations in the amended complaint, but denying all legal propositions. Tuscaloosa also filed a motion for summary judgment, which, after a hearing, the court granted on August 26, 1994. Vance appealed.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Section 104, Ala. Const. 1901, in relevant part, provides:
 "The legislature shall not pass a special, private, or local law in any of the following cases:
". . . .
 "(18) Amending, confirming, or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; provided, this shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village [emphasis added];
". . . .
 "The legislature shall pass general laws for the cases enumerated in this section. . . ."
Section 105, in relevant part, provides:
 "No special, private, or local law. . . . shall be enacted in any case which is provided for by a general law. . . .; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court. . . ."
The legislature's power, with regard to municipalities, is plenary, except as limited by the Alabama Constitution.City of Birmingham v. City of Vestavia Hills, 654 So.2d 532,535 (Ala. 1995) (citing Trailway Oil Co. v. City of Mobile,271 Ala. 218, 222, 122 So.2d 757, 760 (1960)). Therefore, to be valid, Act No. 94-533 must comply with, specifically, both §§ 104 and 105. City of Vestavia Hills, supra, at 535 (citingDrummond Co. v. Boswell, 346 So.2d 955, 957 (Ala. 1977)). According to § 104, the legislature is prohibited from passing local laws in 31 areas. Section 105 provides that no local law can be passed in "an area already provided for by general laws." City of Vestavia Hills, supra, at 534 (citations omitted).
The standard of review for determining the constitutionality of a statute was stated in State Board of Health v. GreaterBirmingham Ass'n of Home Builders, Inc., 384 So.2d 1058, 1061
(Ala. 1980):
 "Before turning to the constitutional issue posed in this case, it is appropriate to reiterate the fundamental proposition that validly enacted legislation is presumed to be constitutional. As we stated in Mobile Housing Board v. Cross, 285 Ala. 94, 97, 229 So.2d 485, 487 (1969):
 " 'Every presumption is in favor of the constitutionality of an act of the legislature and this court will not declare it invalid unless in its judgment, the act clearly and unmistakably comes within the inhibition of the constitution.' *Page 743 
 "We will not invalidate a statute on constitutional grounds if by reasonable construction it can be given a field of operation within constitutionally imposed limitations. See Ex parte Huguley Water System, 282 Ala. 633, 213 So.2d 799 (1968)."
In Home Indemnity Co. v. Anders, 459 So.2d 836, 840 (Ala. 1984), this Court stated:
 "In determining whether the act is constitutional, we are bound by the following presumption:
 " '[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.'
 "Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944)."
See Crosslin v. City of Muscle Shoals, 436 So.2d 862, 863 (Ala. 1983).
First, on appeal from the summary judgment, Vance admits that the proviso of § 104(18) expressly allows for a municipality's boundary to be changed legislatively. However, Vance argues that Act No. 94-533 is still invalid, because the final clause of § 104, which states that "the legislature shall pass generallaws for the cases enumerated in this section [§ 104]," demonstrates that the framers intended for the proviso to apply only temporarily, until general annexation laws could be passed. Because such laws have now been passed,[5] according to Vance, annexation is an area "subsumed" by general laws; therefore, Vance argues, the temporary proviso is no longer applicable and the local act violates § 105 because the state already has general laws providing for annexation by municipalities.
Tuscaloosa contends that the trial court correctly concluded that Act No. 94-533 does not violate any constitutional restraint on the legislature's express power to "alter or rearrange the boundary of a city," as provided in § 104(18). Furthermore, in arguing that Act No. 94-533 does not violate § 105, Tuscaloosa distinguishes a legislative annexation done by local law from a municipal annexation done under the general laws.
With respect to § 104(18), we note that this Court recently addressed this issue in City of Birmingham v. City of VestaviaHills, 654 So.2d 532 (Ala. 1995), and, based on the authority of that case, we hold that Act No. 94-533 does not violate § 104(18), because the proviso in that section "expressly preserves the power of the legislature to alter or rearrange a municipality's boundary as it sees fit." City of VestaviaHills, at 538 (citation omitted).
With respect to § 105, we note that we also addressed this issue in City of Vestavia Hills, but the present case has a slight distinction. Because the general municipal corporation laws involving annexation provide for a municipality to annex contiguous territory,[6] Vance argues that the subject of annexation is "subsumed" by general laws and that Act No. 94-533 violates § 105. In City of Vestavia, because the annexed property was noncontiguous, it could not have been annexed under the general laws, and legislative annexation was the only option to achieve the desired result. According to Vance, because the property involved in this case was contiguous, Tuscaloosa could have achieved its desired result under the general laws, without the legislative annexation; therefore, Vance says, Act No. 94-533 violated § 105.
However, the general laws do not address the authority of the legislature to annex territory to existing cities. City ofVestavia Hills, supra, at 539. The general laws provide legislatively prescribed procedures for municipal governments,voters, or property owners to annex territories; under Act No. 94-533, the legislature has altered or rearranged a city's boundaries. Furthermore, *Page 744 
in Johnson v. State ex rel. City of Birmingham, 245 Ala. 499,17 So.2d 662 (1944), this Court held that even though the general laws provided for an annexation election, a local law that also provided for an annexation election was constitutional under § 105 because the two election processes were substantially different. 245 Ala. at 503, 17 So.2d at 664. A legislative annexation by local act is substantially different from a municipal annexation done under the general laws.
In a landmark annexation case, City of Ensley v. Simpson,166 Ala. 366, 52 So. 61 (1909), the legislature had enacted a local law that annexed into the City of Birmingham certain contiguous and noncontiguous territory, along with other unincorporated territory that made the annexation contiguous in its entirety.166 Ala. at 369-70, 52 So. at 62-63; see City of Vestavia, supra, at 536. In denying the § 105 argument that the act was "subsumed" by the general law, the City of Ensley Court acknowledged that while the same end might have been accomplished under the general laws, it would have to be done "by a tedious and embarrassing process of repeated additions to the territory [of Birmingham]." 166 Ala. at 371, 52 So. at 63;City of Vestavia, at 540. The Court stated:
 "[T]he Legislature had the right to weigh the advantages of the scheme as a whole and enact law accordingly to accomplish the desired end at one stroke. Under no general law could the same considerations be submitted to the same electorate or the same result reached in the same way."
166 Ala. at 372, 52 So. at 63; City of Vestavia, at 540. The legislature, as it stated in Act No. 94-533, decided that "it is expedient, wise, necessary, proper and in the best interest of the State of Alabama, Tuscaloosa County and the City of Tuscaloosa" to annex this contiguous territory into Tuscaloosa, in one stroke,[7] and we hold that Act No. 94-533 does not violate § 105.
Second, Vance contends that Act No. 94-533 is an invalid "long lasso" annexation, which is an annexation through a public road right-of-way.[8] Vance makes this contention because the annexed strip consists predominantly of road right-of-way; the property owners did not petition for, and some of them were not even notified of, the annexation; and the annexed strip is not similar or homogeneous to Tuscaloosa. See City ofPrattville v. City of Millbrook, 621 So.2d 267, 271-73 (Ala. 1993).
Tuscaloosa argues that Act No. 94-533 is valid because, it says, legislative annexations are restricted only by the Constitution and not by statutory annexation requirements; and, even if the act was subject to the "long lasso" restriction, Tuscaloosa says, the restriction would not bar this annexation because the act incorporates some private land along with the public road right-of-way.[9] We agree.
"Corridor" annexations involve the annexation of a small strip of private property; "long lasso" annexations involve the annexation of a public road right-of-way. City of Fultondale v.City of Birmingham, 507 So.2d 489, 490-91 (Ala. 1987). In Cityof Fultondale, this Court reaffirmed "corridor" annexations as a proper method by which municipalities can create the contiguity required for annexation under the general annexation laws, but it prohibited municipalities from using the "long lasso" to create contiguity. Id. However, as stated earlier, the Constitution is the only limitation on thelegislature's authority to annex,[10] while municipalities, on the other hand, are limited by the requirements of the general laws, including the requirement of contiguity. Furthermore, inCity of Birmingham v. City of Vestavia Hills, we determined that the *Page 745 
legislature may, by local law, annex noncontiguous property into a municipality; thus legislative annexations, because they do not have to meet the general law contiguity requirement, are not limited by the "long lasso" prohibition. Therefore, the "long lasso" prohibition does not apply to Act No. 94-533. For the reasons stated herein, that Act has not been shown to be invalid.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY, and COOK, JJ., concur.
[1] Both parties to this case concede that Act No. 94-533 is a local law. According to § 110 of the Alabama Constitution, as amended by Amendments No. 375 and No. 397, a "general law" is defined as "a law which in its terms and effect applies either to the whole state, or to one or more municipalities of the state less than the whole in a class." See, e.g., Peddycoart v.City of Birmingham, 354 So.2d 808, 811 (Ala. 1978). Furthermore, a "local law" is "a law which is not a general law or a special or private law," and a "special" or "private law" is defined as a "law which applies to an individual, association or corporation." Ala. Const. of 1901, art. IV, §110 (amended by Ala. Const. amend. 375 (1978) and amend. 397 (1982)).
[2] Tuscaloosa is a municipal corporation located in Tuscaloosa County.
[3] Contiguity does not require a substantial common boundary; rather, contiguity requires only a "touching at some point."City of Dothan v. Dale County Comm'n, 295 Ala. 131,324 So.2d 772 (1975).
[4] Vance is a municipal corporation located in both Tuscaloosa and Bibb Counties.
[5] See Ala. Code 1975, § 11-42-1 et seq. (general laws on annexation).
[6] See Ala. Code 1975, § 11-42-1 et seq.
[7] See also Peddycoart v. City of Birmingham, 354 So.2d 808, 815
(Ala. 1978).
[8] City of Fultondale v. City of Birmingham, 507 So.2d 489,490-91 (Ala. 1987).
[9] The narrowest part of the land annexed under Act No. 94-533 is a portion approximately three-quarters of a mile long. The width of that narrow portion consists of 630 to 680 feet of the I-59/20 right-of-way and 30 feet of private property that extends along only one side of the interstate highway.
[10] City of Vestavia Hills, supra, at 537 (citing Trailway Oil Co.v. City of Mobile, 271 Ala. 218, 222, 122 So.2d 757, 760
(1960)).